■ MILDRED A. WALDENMAIER, as Administratrix of the Estate of GEORGE H. C. RAMM, Deceased, et al., Respondents-Appellants, v. KENNETH A. JONES, as Executor of GEORGE F. RAMM, Deceased, Appellant-Respondent.— Order, Supreme Court, Bronx County, entered on April 6, 1971, insofar as appealed from, unanimously modified, on the law, so as to deny summary judgment on the third and fifth causes of action, and otherwise affirmed. Defendant-appellant-respondent shall recover of plaintiffs-respondents-appellants $50 costs and disbursements of this appeal. There are too many cross currents and inherent difficulties of proof to warrant any summary treatment of this litigation. All the principals being dead, a trial will be difficult enough. A disposition based on papers, none of them authored by a party, and involving so many issues of credibility, is unacceptable. The rule is clear that a court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine but feigned. (*Curry* v. *MacKensie*, 239 N. Y. 267, 269–270.) Concur — McGivern, J. P., Nunez, Kupferman, Tilzer and Eager, JJ.

■ HOWARD ADELSON, Appellant, v. HELEN ADELSON, Respondent.— Judgment, Supreme Court, New York County, entered on August 4, 1970, insofar as appealed from, unanimously modified, on the law and the facts, to the extent of reducing the award of counsel fees to $750; and as so modified, the judgment is otherwise affirmed, without costs and without disbursements. In the circumstances of this case, the record does not sustain the allowance of a counsel fee of more than $750. Concur — Stevens, P. J., McGivern, Kupferman, McNally and Steuer, JJ.

■ RUTLAND HOUSE ASSOCIATES, Respondent, v. PHILIP B. DANOFF, Appellant.— Order, Supreme Court, New York County, entered on May 24, 1971, denying defendant's motion for summary judgment dismissing the complaint herein as time barred, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed. The fraud which forms the basis for the plaintiff's action, occurred in August, 1964, and this action was not commenced until December 28, 1970. The record discloses that plaintiff had knowledge of all of the operative facts concerning its claim of fraud since some time in 1965, when Fifth Avenue Associates foreclosed its mortgage. It knew since that time that the mortgage received by it from a subsidiary of Adson Industries, Inc., was a third lien rather than a second lien and that the guarantee from Adson upon which plaintiff allegedly relied had been authorized by Adson's board of directors. Plaintiff seeks to charge the defendant herein with fraud because of his acts as a director of Adson and he claims that he did not discover defendant's involvement until the fall of 1970. However, Adson, being a public corporation, plaintiff could, by use of reasonable diligence, have easily discovered the composition of its board of directors. Hence, under the provisions of CPLR 203, (subd. [b]), this action should have been commenced "within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer". This action, not having been instituted within two years since 1965, or within six years since August, 1964 (the longer period), it is time barred. Concur — Capozzoli, J. P., Markewich, Nunez, Murphy and McNally, JJ.