■ PHILIP LAZZARO et al., Respondents, v THOMAS J. KELLY et al., Appellants. — Order unanimously reversed, without costs, motion granted, and complaint dismissed as to moving defendants. Memorandum: This action was commenced against defendants Thomas J. Kelly and Brown, Kelly, Turner, Hassett and Leach (appellants) by service of a summons with notice on March 25, 1981. The complaint alleges three causes of action which sound in breach of contract, attorney malpractice and fraud. This appeal is from an order denying appellants' motion to dismiss the causes of action as barred by the Statute of Limitations (CPLR 3211, subd [a], par 5). In 1970 plaintiffs retained appel-

lants to represent them in the purchase of the capital stock of a restaurant corporation. By the terms of the stock purchase agreement, dated August 28, 1970, plaintiff Mark V. Enterprises, Inc. (Mark V.) agreed to purchase all the corporate shares of Golden Steer Drive-Ins, Inc. (Golden Steer) from G.S.D. Enterprises, Inc. (G.S.D.), the sole shareholder of Golden Steer. Part of the purchase price of the stock was in the form of a promissory note payable over 20 years, and the purchase agreement also provided for the making of an escrow agreement. By the terms of the escrow agreement, appellant Kelly and another attorney agreed to act as escrow agents for so long as Mark V. remained indebted to G.S.D. and to accept payments from Golden Steer and to apply them to Golden Steer's obligation to pay taxes and insurance. The stock purchase was completed in September, 1970 and shortly thereafter defendant Kelly undertook his duties as escrow agent. The complaint alleges that appellants made a variety of misrepresentations to plaintiffs, including an assurance that one of the assets of Golden Steer was the building which housed the restaurant but that, in fact, Golden Steer never owned the building. Plaintiffs assert that it was not until April, 1975 that they learned that the stock purchase did not include ownership of the building. Shortly thereafter, in 1975, plaintiffs retained attorneys Bennett Leader and Leader, Silverman & Maislin (not parties to this appeal) to bring a malpractice action against appellants, but they failed to do so. Notwithstanding the passage of almost 11 years between the alleged actionable wrongs and the institution of this action, plaintiffs argue that appellants should be equitably estopped from asserting the Statute of Limitations as a defense to any of their causes of action and that because of the continuous representation rule their cause of action for malpractice is not time barred. Generally stated, a cause of action accrues when an actionable injury has been suffered by the plaintiff (*Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 300). Under plaintiffs' contract theory, appellants purportedly agreed to see to it that plaintiffs acquired a building. Since a party is free to contract that he will bring about a particular result, a breach of that agreement gives rise to a cause of action (see *Robins v Finestone,* 308 NY 543; *Boecher v Borth,* 51 AD2d 598). Here the breach allegedly occurred when ownership of the building did not result from plaintiffs' acquisition of the capital stock. Since the stock was purchased in 1970, the cause of action for breach of contract is barred by the six-year Statute of Limitations (CPLR 213, subd 2). Plaintiffs' cause of action for malpractice is premised upon appellants' alleged failure in 1970 to have ascertained prior to the stock purchase that Golden Steer was not the owner of the restaurant building. An action for malpractice must be commenced within three years (CPLR 214, subd 6). Plaintiffs contend that under the rule of continuing representation (see *Muller v Sturman,* 79 AD2d 482; cf *Borgia v City of New York,* 12 NY2d 151), the three-year period had not expired when suit was brought. Since plaintiffs' argument is founded solely upon appellant Kelly's continued service as escrow agent until 1980, it must be rejected. Application of the continuous representation doctrine in an action for attorney malpractice "envisions a relationship between the parties that is marked with trust and confidence" (*Muller v Sturman, supra,* p 486). Here, the trust and confidence inherent in the attorney-client relationship came to an end, at the latest, in 1975 when plaintiffs retained another attorney to bring a malpractice suit against appellants. The cause of action for fraud also accrued in 1970. Plaintiffs acknowledge that they discovered the alleged fraud in 1975. Although CPLR 213 (subd 8) provides that an action based upon fraud must be commenced within six years from discovery of the fraud, that section must be read in conjunction with CPLR 203 (subd [f]) which requires that such an action "be commenced within two years after such actual or imputed discovery or within the period other-

wise provided, computed from the time the cause of action accrued, whichever is longer." Thus, while a fraud action may not be time barred within six years from commission of the fraud, the time for its commencement may not be extended beyond two years from its discovery where the six-year period had expired (*Rutland House Assoc. v Danoff*, 37 AD2d 828; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:12, pp 125-127). Accepting plaintiffs' allegations as true, it follows that the cause of action for fraud became time barred in 1977. Finally, the doctrine of equitable estoppel may not be applied to prohibit appellants from asserting the Statute of Limitations as a defense. Measured from the point at which the facts giving rise to the estoppel cease to be operational, plaintiffs' time in which to bring an action may not be extended for a period longer than provided for in the applicable Statute of Limitations (*Simcuski v Saeli*, 44 NY2d 442, 450-451). Even if we were to agree that the elements of equitable estoppel are present here, the relevant facts ceased to be operational, at the very latest, upon plaintiffs' discovery in 1975 of appellants' misrepresentations. (Appeal from order of Supreme Court, Erie County, Johnson, J. — dismiss complaint.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.