OPINION OF THE COURT
Ira Gammerman, J.
In this action for legal malpractice, plaintiff asserts causes of action in contract, fraud, and negligence. On argument, plaintiff withdrew her cause of action for fraud and the court dismissed the cause of action based in contract, because of the lack of an express agreement between plaintiff and defendant.
The issue remaining to be decided involves the application of the doctrine of “continuous representation” to plaintiff’s claim against defendant attorneys for legal malpractice. Defendants have moved to dismiss plaintiff’s action against them, asserting that it is barred under the three-year Statute of Limitations applicable to legal malpractice (CPLR 3211 [a] [5]). Plaintiff raises the doctrine of continuous representation, asserting that defendants last represented her in the action which gave rise to *591 the instant legal malpractice claim on February 2, 1982. If this contention is accurate, plaintiff’s present action would not be time barred.
Although the facts here are not substantially in dispute, the interpretation of these facts is at issue. On August 23, 1976, plaintiff underwent surgery which, in her opinion, gave rise to a cause of action for medical malpractice. In December of 1978, defendants Keegan, Keegan, Hecker & Tully (K.K. & H.), at the request of defendant Bodnar and Greene, prepared a summons and contacted a process server to serve this summons on plaintiff’s physician. The process server indicated that the doctor had been served on January 27,1979. Attorneys for plaintiff’s doctor served a demand for a complaint upon defendant Bodnar and Greene on or about March 1. This demand was forwarded to K.K. & H. who then met with plaintiff in late March or early April of 1979 and prepared a complaint. It was subsequently determined that the service of process arranged by K.K. & H. was improper, resulting in the dismissal of the complaint. Because the two and one-half year Statute of Limitations on medical malpractice actions ran on February 23,1979, plaintiff was barred from pursuing her complaint as a result of the improper service of process.
On July 23, 1980, the date on which the final determination was made on the issue of service, Raymond Keegan, a member of the firm of K.K. & H., contacted plaintiff by letter, informing her that her action was barred by the Statute of Limitations and that “I will be closing my file on this subject.” It is defendants’ contention that this sentence in the letter to plaintiff terminated the attorney-client relationship.
On August 27, 1980, plaintiff contacted K.K. & H. by mail, requesting that her lawsuit be reinstituted on procedural grounds under CPLR 205 (a). During the next three months, K.K. & H. and plaintiff continued to correspond concerning the reinstitution of her lawsuit, in spite of K.K. & H.’s repeated statements to plaintiff that there was no hope of reinstituting the lawsuit. However, on November 20, 1980, K.K. & H. did reinstitute the action, which was ultimately dismissed on January 4, 1982. On February 2, 1982, K.K. & H. notified plaintiff that this action had been dismissed. It is plaintiff’s contention that this is the date on which the attorney-client relationship was terminated.
The present action for legal malpractice against defendants was instituted on January 18, 1984.
*592 The crucial question to be answered is on what date the attorney-client relationship was terminated. If, as defendants claim, this date was July 23,1980, plaintiff’s complaint for legal malpractice is barred by the Statute of Limitations. If, as plaintiff claims, the date of termination was February 2, 1982, the complaint is not time barred.
Defendants claim that, for the purposes of applying the continuous representation doctrine, the attorney-client relationship associated with plaintiff’s medical malpractice action ended with the adverse decision on July 23,1980 and that notice of this termination was given to plaintiff by a single sentence in the letter sent to her by defendants on the same day.
It is well settled that an attorney may withdraw from representing a client only for a good and sufficient cause and upon reasonable notice to the client (Matter of Dunn, 205 NY 398). The notice of withdrawal to the client should be clear and unambiguous. Here, plaintiff obviously did not believe that the attorney-client relationship had ended, as evidenced by her continued dialogue with defendants , concerning her case. This dialogue ultimately resulted in defendants instituting further legal proceedings on the same matter. As long as defendants represented plaintiff on the same issue or a related issue in a continuous manner, no termination of the attorney-client relationship occurred. (See, Marine Midland Trust Co. v Penberthy De lorio & Ray hill, 60 Misc 2d 11, which deals with legal malpractice, and Wilkin v Dana R. Pickup & Co., 74 Misc 2d 1025, which applies the same doctrine to malpractice by certified public accountants.)
Although defendants claim to have terminated the attorney-client relationship with respect to plaintiff’s medical malpractice action on July 23, 1980, they nevertheless continued to pursue this same action until January 4,1982. Defendants now assert that “despite our clear statements to the plaintiff that there was no hope in reinstituting a lawsuit, we complied with her demand and instituted a second summons and complaint on November 20, 1980.” Defendants apparently assert that they were coerced into instituting this action and that, therefore, the reinstituted medical malpractice action constitutes a second attorney-client relationship. However, defendants are undoubtedly aware of Model Code of Professional Responsibility Disciplinary Rule 2-110 (C) (1) (a) which permits an attorney to withdraw from a case when a client “[i]nsists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, *593 modification, or reversal of existing law.” In the face of this rule, defendants not only did not withdraw, they pursued plaintiff’s claim in spite of their assertion that it was unsupportable under the CPLR. Defendants may not have it both ways. They may not now be heard to claim that they withdrew from representing plaintiff because of the weakness of the legal position she wished to assert while complaining that they were coerced into representing her.
Finally, defendants contend that the loss of confidence in defendants, allegedly evidenced by the tone of plaintiff’s correspondence questioning defendants’ handling of the case, demonstrates that the attorney-client relationship was terminated in July of 1980. Defendants also claim that plaintiff sought additional legal assistance (possibly from her son, then a law student) after the July 23, 1980 decision terminating her medical malpractice action. Although the tone of her correspondence displayed obvious frustration at K.K. & H.’s failure to preserve her cause of action due to a mistake in service, at no time did she indicate an intention to terminate the attorney-client relationship. If anything, plaintiff’s correspondence evidenced a desire to continue the relationship and to continue with her case. Certainly no one would suggest that a client’s questioning of her attorney’s tactics or suggestion of alternative tactics constitutes a termination of the attorney-client relationship. Defendants also selectively read Lazzaro v Kelly (87 AD2d 975, 976) to hold that “the trust and confidence inherent in the attorney-client relationship came to an end * * * when plaintiffs retained another attorney”. This reading of Lazzaro neglects to point out that the “consultation” in Lazzaro was for the purpose of instituting a malpractice action against Lazzaro’s attorney. Such “consultation” clearly does demonstrate the requisite lack of trust and confidence to terminate an attorney-client relationship. However, in the present case, plaintiff asserts that she did not retain attorneys other than defendants, an assertion supported by the lack of understanding of the law evidenced by her letters to the defendants between July 23, and November 20, 1980.
Accordingly, defendants, Keegan, Keegan, Hecker & Tully, continuously represented plaintiff until February 2, 1982, within the three-year Statute of Limitations period. Therefore, defendant’s motion pursuant to CPLR 3211 (a) (5) for an order dismissing the first cause of action upon the grounds that it is barred by the Statute of Limitations is denied.