Donald A. LEVINGER, Individually and as Administrator of the Estate of Ursula H. Levinger, deceased, Barbara L. Levinger and David M. Levinger, on Behalf of themselves and all others similarly situated, Plaintiffs,

v.

SHEPARD NILES CRANE AND HOIST CORP., Vulcan, Inc., George T. Barton, Charles L. Brayton, Warren W. Clute, Jr., Herbert W. Gledhill, Jr., John S. Jackson, Chris F. Moersch, Jr., Harold H. Seymour, Hathaway Turner, James M. Underwood, Sr., Charles A. Winding, G.E. Anderson, Charles B. Baton, George D. Billock, J. Nevin Garber, Gerald N. Potts, H.S. Saxmon, Harold A. Stewart, John M. Titzel and Edward G. Nemanic, Defendants.

No. CIV–77–144E.

United States District Court, W.D. New York.

Feb. 28, 1985.

Robert S. Lesher, East Aurora, N.Y., for plaintiffs.

Robert S. Conklin, Buffalo, N.Y., for defendants.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Presently before me in this action brought pursuant to sections 10(b) and 14 of the Securities Exchange Act of 1934 and the Securities and Exchange Commission's Rule 10b–5 are plaintiffs' motion for an order permitting further contacts with certain former shareholders of Shepard Niles Crane and Hoist Corp. ("Old Shepard") and

defendants' cross-motion to dismiss this action on the grounds that the statute of limitations has expired and that the Complaint fails to state a claim upon which relief can be granted.

During 1971, Old Shepard merged into Shepcan Corporation, a subsidiary of the defendant Vulcan, Inc. The notice of a special meeting and an accompanying proxy statement were mailed to the shareholders of Old Shepard February 27, 1971. The shareholders meeting which approved the merger was held March 25, 1971 and the merger became effective as of March 31, 1971.

The Complaint was filed in this Court March 24, 1977 by Donald A. Levinger and the other named plaintiffs. They are shareholders of Old Shepard by reason of their being the distributees of Ursula H. Levinger, the late wife of Donald A. Levinger and a shareholder of record of Old Shepard.

On May 10, 1977 I *sua sponte* forbade communication by the parties with any actual or potential members of the proposed class hereto and their counsel without my express permission. After various discovery proceedings plaintiffs submitted a motion for class action certification November 28, 1977. On February 8, 1978 I denied such certification on the ground of the inadequacy of representation for the class by the named plaintiffs who simultaneously were pursuing the remedy of appraisal in state court and thus apparently had interests which conflicted with those of the majority of former shareholders who had retained no appraisal rights. On June 29, 1978 I denied plaintiff's motion for reconsideration of class action certification and, in the alternative, for certification to appeal from such denial. After reviewing various communications to this Court by both parties, on February 18, 1981 I concluded that plaintiffs were entitled to relief from my Order of May 10, 1977 and requested plaintiffs to submit a proposed form of written notice on which proposal oral arguments would be held. A notice to former shareholders was mailed July 15, 1982 by the Clerk of this Court. In order to follow up on the various responses, plaintiffs filed their motion January 10, 1984 for leave to contact the responding shareholders. Defendants filed their cross-motion January 23, 1984 to dismiss the Complaint.

■ Sections 10 and 14 of the Securities Exchange Act of 1934 prescribe no period of limitation for actions brought thereunder. In such a situation a federal court must apply the statute of limitation of the state wherein it sits which best effectuates the policy of the federal statute. *See, e.g., IIT, an Intern. Inv. Trust v. Cornfeld,* 619 F.2d 909, 928 (2d Cir.1980); *Arneil v. Ramsey,* 550 F.2d 774, 779 (2d Cir.1979); *See also Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 210 fn. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976). The United States Court of Appeals for the Second Circuit looks to that limitation period for actions based upon common law fraud. *IIT, an Intern. Inv. Trust v. Cornfeld, supra,* at 928; *Stull v. Bayard,* 561 F.2d 429, 431 (2d Cir.1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978).

New York's Civil Practice Law and Rules ("CPLR") has two separate relevant limitations periods:

"Except as provided in article 2 of the uniform commercial code * * *, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer." CPLR § 203(f).

"The following actions must be commenced within six years:

\* \* \* \* \* \*

"8. an action based upon fraud; the time within which the action must be commenced shall be computed from the time the plaintiff or the

person under whom he claims discovered the fraud, or could with reasonable diligence have discovered it." CPLR § 213.

"The combined effect of CPLR 213(8) and 203(f) thus is 'two separately-timed and alternative limitations periods in the case of a delayed discovery: six years from accrual or two years from discovery whichever is longer.'" *IIT, an Intern. Inv. Trust v. Cornfeld, supra,* at 928–929 (quoting from *Hoff Research & Dev. Lab., Inc. v. Phillipine Nat. Bank,* 426 F.2d 1023, 1026 (2d Cir.1970)).

■ All parties agree that the two-year period under section 203(f) has expired.[1] Therefore, the alternative six-year period is the only limitation period with which this Court is concerned. In determining when the limitation period started to run, federal law controls. *IIT, an Intern. Inv. Trust v. Cornfeld, supra,* at 929; *Stull v. Bayard, supra,* at 432; *Arneil v. Ramsey, supra,* at 780. The period is measured from "when the plaintiff suffers a loss as a result thereof, *Sack v. Low,* 478 F.2d 360, 365–66 (2d Cir.1973); i.e., when a plaintiff with assumed knowledge of the fraudulent wrong may assert a claim for relief. *Barninger v. National Maritime Union,* 372 F.Supp. 908, 913 (S.D.N.Y.1974)." *Stull v. Bayard, supra,* at 432.

■ Plaintiffs erroneously contend that the period of limitations began to run when the merger was consummated and that "the merger is the gravamen of the complaint." However, the federal securities laws are concerned with the full and fair disclosure of accurate information. A failure to make such disclosure, if any, occurred when the proxy statement was issued. As was stated in *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1976), the essential purpose of the Securities Exchange Act is full and fair disclosure and, in the situation

presented therein, the validity of the merger and the fairness of the merger price were a matter of state law.

A similar argument was made in *Stull v. Bayard, supra,* in which an action was brought under section 14(e) of the Securities Exchange Act of 1934 for allegedly fraudulent misstatements and omissions in a prospectus on a tender offer.[2] The plaintiff therein contended that the cause of action for the six-year limitation period had accrued when the tender offer had expired rather than on the date the prospectus had been issued. The appellate court held that the issuance of the prospectus was the critical date—that is, when that plaintiff's right to seek legal relief had accrued.

"The federally created right upon which plaintiff bases his claim is the right to full disclosure of accurate information which would have helped him to decide whether to retain his stock or surrender it to the takeover bidder. *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 58 [95 S.Ct. 2069, 2075, 45 L.Ed.2d 12] * * * (1975). Appellant was deprived of this right on July 18, 1969, when the pool of information accessible to Piper [Aircraft Corporation] shareholders was muddied by Bangor Funta's allegedly misleading prospectus." *Stull v. Bayard, supra,* at 432.

In applying such analysis to the case at hand, I note that the plaintiff in *Stull v. Bayard* had argued that the damage wasn't complete until the tender offer had expired whereas, the instant plaintiffs argue that the damage didn't occur until the merger had been consummated. In fact, the damage occurred when the allegedly misleading proxy statement issued. The proxy statement was issued February 27, 1971, more than six years before the action was commenced on March 24, 1977, the six-year statute of limitation had expired by the latter date and this action is thus time-barred.

---

1. At page 7 of plaintiffs' reply memorandum, it is conceded that the two-year period has run.

2. Plaintiffs' reliance on *Phillips v. Levie,* 593 F.2d 459 (2d Cir.1979), is misplaced in that such

involved a section 10(b) action for fraudulent retention of shares, a factual scenario quite distinguishable from that presented herein.

It is hereby ORDERED that defendants' motion to dismiss is granted.