■ CAROLYN ACKERMAN et al., Respondents, v PRICE WATERHOUSE, Appellant. (And Two Other Actions.) [629 NYS2d 5] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 16, 1994, which, *inter alia*, denied the motion by defendant Price Waterhouse ("PW") seeking to dismiss the third and fourth causes of action of the amended complaint, unanimously affirmed, with costs.

The IAS Court properly denied the motion seeking to dismiss, for lack of contractual privity, the third and fourth causes of action of the amended complaint, wherein the plaintiffs, as limited partners of the CPG partnerships, sought damages for breach of the contracts pursuant to which defendant PW had performed accounting and auditing services for the partnerships since the defendant accounting firm owed a contractual duty to the limited partners, who were members of a settled and particularized class, known to defendant PW to have a

need to rely upon the prepared returns and statements (*Goulding v United States*, 957 F2d 1420, 1428; *cf., White v Guarente*, 43 NY2d 356, 363).

The record reveals that the tax preparation services at issue in the underlying litigation were rendered by defendant PW directly to the limited partners, that their reliance on those services was anticipated and encouraged, and that the cost of those services was allocated among the limited partners. Moreover, in a letter to the limited partners encouraging them to decline a settlement offered by the IRS in 1985, defendant PW specifically advised the limited partners that it was handling the IRS audit "on behalf of the partnership in general *and on your behalf as a limited partner*".

The third and fourth causes of action of the amended complaint therefore state a viable claim by the limited partners for breach of contract. Defendant's contention that the plaintiffs' claims should be restricted to a tort, rather than a contract, theory of recovery, lacks merit, since professional malpractice claims may be stated either in tort or contract (*Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 707), and since the record reveals that the services of the defendant arose out of, and were rendered directly to the limited partners, as aggregates of the partnerships, based upon a contractual relationship (*Goulding v United States, supra; Williams v Hartshorn*, 296 NY 49, 51). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.