■ SUSAN GRAY, Respondent, v WALLMAN & KRAMER, Respondent, and JULIENNE M. MICHEL, Respondent and Third-Party Plaintiff-Respondent. CAHILL GORDON & REINDEL, Third-Party Defendant-Appellant. [638 NYS2d 18] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about September 22, 1995, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Third-party defendant Cahill Gordon & Reindel ("Cahill"), which represented defendant and third-party plaintiff Julienne Michel as the prospective buyer in an aborted real estate transaction, owed absolutely no duty to plaintiff, the proposed seller of the real property. Nor did Cahill owe defendant a special duty independent of the attorney-client relationship to hold her harmless from becoming liable to plaintiff. Under these circumstances, defendant Michel's third-party claim against Cahill cannot be characterized as one for indemnity (*Bunker v Bunker*, 80 AD2d 817; *Fladerer v Needleman*, 30 AD2d 371, 373) and the causes of action accrued at the time the alleged wrong was committed (*Glamm v Allen*, 57 NY2d 87, 93), i.e., the date of the proposed closing, September 21, 1987.

Applying the six-year statute set forth in CPLR 213 (2) applicable to claims of attorney malpractice which are based on breach of a contract to perform professional services (*Santulli v Englert, Reilly & McHugh*, 78 NY2d 700; *Ackerman v Price Waterhouse*, 216 AD2d 123), we find that questions of fact remain as to whether Cahill's representation of Michel in this matter, which Cahill alleges ceased over six years prior to the bringing of the third-party action, actually continued through February, 1989, which, under the continuous representation rule, would toll the statute of limitations and render the third-party action timely (*Glamm v Allen, supra*, at 94).

The statute of limitations on a claim based in attorney malpractice will be tolled for the period during which the attorney continues to represent the client in a particular matter (*Glamm v Allen*, 57 NY2d, *supra*, at 93; *Lazzaro v Kelly*, 57 NY2d 630, *affg* 87 AD2d 975, 976). Here, Cahill argues that, well within the six-year statutory period, it was informed by defendant

that she had retained new counsel and had been directed to forward all of her files to that new counsel, thus terminating their relationship. However, plaintiff claims that she did not inform Cahill that she had retained new counsel as to this matter, but only as to a totally unrelated lawsuit based on a family dispute which she brought against her brother, a Cahill partner who did not personally represent her in the instant matter. In addition, in February, 1989, Cahill accepted service on defendant's behalf of the instant first-party complaint, informed her that it was precluded from representing her in the matter because it could be called as a witness, and forwarded the papers to her new attorney, who held them only until she retained new counsel to represent her in this matter. These allegations present a question of fact as to whether Cahill continued to represent defendant in this matter up until the time it accepted the complaint and forwarded it to defendant's new attorney, so as to toll the statute and render the action timely (*see, Lazzaro v Kelly*, 87 AD2d 975, 976, *supra*).

Cahill also argues that it should in any event be granted summary judgment dismissing the complaint on the ground that, since there can be no finding that defendant Michel breached the underlying contract to purchase real property, there can be no question of fact as to whether the advice it gave her was proper. The record, however, is to the contrary.

This Court previously held that, at the time of the scheduled closing, plaintiff's counsel had not yet obtained the satisfaction of mortgage which was required under the contract of sale and she was, as a result, not ready, willing and able to close. However, we concluded that even though time was of the essence under the agreement, plaintiff nevertheless had until the end of law day to tender performance and, therefore, there were questions of fact as to whether the circumstances warranted a finding that Michel's conduct was such as to excuse plaintiff's failure to become ready, willing and able by the end of that day (184 AD2d 409, 412). Although Cahill contends that subsequent discovery has resolved these questions of fact, it is clear that they still exist.

Plaintiff's position is based primarily on the sworn statements of her former attorney, who states that defendant's counsel misled him into believing that defendant did not require the mortgage satisfaction but would be satisfied with the alternative of escrowing the payoff amount and having the title company omit the mortgage from its report. He also states that defendant's counsel first advised him that defendant would

not proceed without the satisfaction at 12:40 P.M. on the day of the closing, at the very time that defendant was cancelling the contract and preparing to leave the closing, at which point he told defendant's counsel that the satisfaction was forthcoming and would be produced by the end of the day. Defendant nevertheless terminated the contract and left immediately thereafter. Plaintiff's attorney states that he could have obtained the satisfaction by the end of the day, and that the only reason he did not do so on that day was because defendant had already terminated so that it would have been futile. Plaintiff thus argues that her failure to actually tender performance or to become ready, willing and able to do so by obtaining the satisfaction by the end of the day was irrelevant in light of defendant's anticipatory breach in issuing a written notice terminating the contract.

Defendant, on the other hand, asserts that plaintiff's attorney had been informed prior to the closing that, because the subject mortgage was not held by an institutional lender, a satisfaction of mortgage would be necessary in order to clear the title on the property. Moreover, not only was plaintiff not ready to perform at the closing because of the failure to obtain the satisfaction, but, according to defendant's counsel, plaintiff's attorney did not give him any indication that the mortgage satisfaction could be obtained on that day or even that efforts were underway for it to be so obtained. Under this version of events, since plaintiff had demonstrated that she would not comply with the provision making time of the essence, defendant was entitled to declare the contract at an end and leave.

Under these sharply differing versions of the events which transpired at the closing, the matter could not properly be resolved on a motion for summary judgment, and the motion was properly denied. Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.