■ LUK LAMELLEN U. KUPPLUNGBAU GMBH, Respondent, v HERBERT L. LERNER, Appellant.—In an action to recover damages for professional malpractice and breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated November 21, 1988, which denied his motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a West German corporation which manufactures automobile clutches, retained the defendant, a patent attorney, to prepare, file and prosecute a United States patent application for a friction clutch. The plaintiff had already filed a West German patent application for the friction clutch,

which it owned. The United States patent was issued on May 21, 1974. In October 1979 the plaintiff discovered that the defendant had made an error in the preparation of the patent application. The plaintiff commenced this action in or about December 1983. Two causes of action were set forth in the complaint, one to recover damages for legal malpractice and one to recover damages for breach of contract. The defendant moved for summary judgment dismissing the complaint as time barred. The defendant also moved to dismiss the breach of contract cause of action on the ground that that cause of action did not state a claim upon which relief could be granted. The Supreme Court denied the defendant's motion in its entirety.

The defendant's contention that the complaint fails to state a cause of action sounding in breach of contract is without merit. An attorney's breach of his implied duty to use reasonable care in exercising his professional skill can serve as a basis for liability in contract to the extent that the plaintiff seeks recovery for damages to property or pecuniary interests (see, Video Corp. v Flatto Assocs., 58 NY2d 1026; Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389; Baratta v Kozlowski, 94 AD2d 454). We find that the plaintiff has stated a cause of action sounding in breach of contract. The plaintiff alleges that it entered into agreement with the defendant by which he agreed to prepare, file and prosecute an application for a United States patent. The defendant undertook to perform those services with the care, skill, and diligence which is usually employed by attorneys specializing in patent law. The defendant allegedly failed to properly perform these services in breach of the agreement and the plaintiff has suffered pecuniary losses.

The other issue on this appeal is whether the plaintiff's action was timely commenced. The action is timely only if the doctrine of continuous representation applies. The doctrine was first applied in medical malpractice cases (see, Borgia v City of New York, 12 NY2d 151). It is equally applicable to causes of action to recover damages for legal malpractice and to causes of action alleging a breach of contract by an attorney (see, Greene v Greene, 56 NY2d 86; Grago v Robertson, 49 AD2d 645).

For the continuous representation doctrine to apply to an action sounding in legal malpractice or breach of contract by an attorney, there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by

the attorney to rectify an alleged act of malpractice *(see, Pittelli v Schulman,* 128 AD2d 600). One of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties *(see, Coyne v Bersani,* 61 NY2d 939). However, its application is limited to instances in which the attorney's involvement in the case after the alleged malpractice is for the performance of the same or related services and is not merely the continuity of a general professional relationship *(see, Muller v Sturman,* 79 AD2d 482).

Here, the defendant continued to represent the plaintiff with regard to the same patent from which the alleged malpractice stems. Hence, the Statute of Limitations was tolled through 1981 *(see, McDermott v Torre,* 56 NY2d 399). This action was commenced in December 1983, approximately two years later, and is therefore timely. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.