■ JAN SITKIEWICZ, Appellant, v WILLIS & NG, Respondent. [732 NYS2d 711] —Carpinello, J. Appeal from an order of the Supreme Court (Ledina, J.), entered August 7, 2000 in Sullivan County, which, *inter alia*, denied plaintiff's motion for summary judgment.

The origin of this legal malpractice action is a prior decision of this Court, *Sitkiewicz v County of Sullivan* (256 AD2d 884, *appeal and lv dismissed* 93 NY2d 908), wherein we determined that plaintiff's entire complaint should be dismissed because each cause of action asserted against the County of Sullivan

was barred by the applicable Statute of Limitations. Plaintiff claims that defendant committed legal malpractice by permitting the Statute of Limitations to expire in that prior case. In its answer, defendant claimed that *this* action, commenced in February 2000, is barred by the three-year Statute of Limitations. Proceeding *pro se*, plaintiff submitted discursive "motion" papers to Supreme Court which were generously characterized by the court as a motion for summary judgment. Upon review of such submissions, as well as defendant's opposition papers, Supreme Court denied plaintiff summary judgment on various grounds, most particularly on the ground that a question of fact exists concerning when the malpractice cause of action accrued. Plaintiff appeals.

Resolution of this appeal again centers on a Statute of Limitations analysis. It is beyond cavil that an action to recover damages for legal malpractice accrues when the alleged malpractice is committed (*see, e.g., Shumsky v Eisenstein*, 96 NY2d 164) and must be commenced within three years thereafter (*see*, CPLR 214 [6]) unless tolled under the "continuous representation" doctrine (*Glamm v Allen*, 57 NY2d 87, 93; *see, Shumsky v Eisenstein, supra*). Here, based upon our findings in *Sitkiewicz v County of Sullivan* (*supra*), defendant's malpractice and plaintiff's claim accrued, at the latest, in March 1995, more than three years before the February 2000 commencement of this action. Thus, its timeliness turns on whether the continuous representation doctrine tolled the Statute of Limitations. According to plaintiff's submissions to Supreme Court, defendant continued its representation on the underlying matter until July 14, 1997. In his *pro se* appellate brief, plaintiff claims that this representation continued until June 12, 1997. The discrepancy in these dates notwithstanding, defendant maintains that its representation of plaintiff terminated on September 18, 1996. There being an obvious disputed factual question on this determinative issue, Supreme Court properly denied plaintiff's motion for summary judgment (*see, Leffler v Mills*, 285 AD2d 774; *cf., Mancino v Levin*, 268 AD2d 507).

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.