■ Angelina Pellati, Respondent, v Lite & Lite et al., Appellants. [736 NYS2d 419] —In an action to recover damages

for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 18, 2001, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

An action to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen,* 57 NY2d 87; *Piliero v Adler & Stavros,* 282 AD2d 511). Pursuant to the continuous representation doctrine, the statute of limitations for causes of action sounding in legal malpractice is tolled until the completion of the attorney's ongoing representation concerning the matter out of which the malpractice claim arises (*see, Shumsky v Eisenstein,* 96 NY2d 164; *Weiss v Manfredi,* 83 NY2d 974). For the continuous representation doctrine to apply, there must be "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (*Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506-507; *see, Piliero v Adler & Stavros, supra; Pittelli v Schulman,* 128 AD2d 600). Its application is limited, however, to instances in which the attorney's involvement in the case after the alleged malpractice is for the performance of the same or related services and is not merely the continuation of a general professional relationship (*see, Luk Lamellen U. Kupplungbau GmbH v Lerner, supra,* at 507).

Contrary to the defendants' contention, their representation of the plaintiff, as the landlord, in connection with a summary eviction proceeding did not cease in 1992 when the tenant, an assignee of the subject lease, was evicted from the premises. The three-year statute of limitations for legal malpractice was tolled as a result of the defendants' continued representation of the plaintiff in 1994, when a wrongful eviction action was commenced against her by the assignor of the lease for failing to serve him with the petition in the 1992 eviction proceeding. In the plaintiff's defense, inter alia, the defendants claimed that the assignor was obligated to pay the rent which his evicted assignee had failed to pay. Accordingly, the defendants asserted a counterclaim for nonpayment of rent on behalf of the plaintiff. It is clear that the legal services rendered by the defendants were related to the matter from which the malpractice claim arose (*see, Weiss v Manfredi, supra; Glamm v Allen, supra; Lee v Smith,* 272 AD2d 526). The running of the statute of limitations was tolled until the defendants were relieved as

the plaintiff's counsel after they prepared the notice of appeal and filed it on June 2, 1997. This action was commenced on April 2, 2000, and is therefore timely. S. Miller, J.P., O'Brien, McGinity, Schmidt and Townes, JJ., concur.