■ ROBERT J. GRAVEL, JR., et al., Respondents, v ROBERT A. CICOLA, Appellant. [747 NYS2d 33]

A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (*see Duran v*

*Mendez,* 277 AD2d 348; *Savarese v Shatz,* 273 AD2d 219, 220; *Assad v City of New York,* 238 AD2d 456; *Siegel v Wank,* 183 AD2d 158, 159). Here, the defendant sustained this initial burden by offering evidentiary proof that the malpractice complained of occurred on February 18, 1997, when he allegedly erroneously advised the plaintiffs that the property they intended to purchase was benefitted by an easement, and that this action was not commenced until on or about October 18, 2000, after the expiration of the three-year limitations period (*see* CPLR 214 [6]). The burden thus shifted to the plaintiffs to aver evidentiary facts establishing that their cause of action falls within an exception to the statute of limitations, or to raise an issue of fact as to whether such an exception applies (*see Duran v Mendez, supra; Assad v City of New York, supra; Siegel v Wank, supra*). Contrary to the defendant's contention, the evidentiary facts submitted by the plaintiffs were sufficient to raise an issue of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation because the defendant was performing services in an attempt to rectify the alleged act of malpractice (*see Pellati v Lite & Lite,* 290 AD2d 544, 545; *Kuritzky v Sirlin & Sirlin,* 231 AD2d 607; *Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506-507; *Stampfel v Eckhardt,* 143 AD2d 184).

However, it was premature for the Supreme Court to determine, as a matter of law, that the continuous representation toll applies. A legal malpractice claim may be tolled by that doctrine only where "the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky v Eisenstein,* 96 NY2d 164, 168). The record discloses a factual dispute as to whether the additional services rendered by the defendant between January 14, 1999, and December 16, 1999, constituted an attempt to rectify the alleged malpractice by establishing the validity of the easement which the plaintiffs believed was included in their purchase of the subject property, or whether the services were connected to the plaintiffs' attempt to secure an expanded easement, and thus did not directly arise out of the original real estate transaction. Because there are factual issues to be resolved regarding whether the continuous representation toll applies, the Supreme Court erred in denying the motion on the ground that, as a matter of law, the three-year statute of limitations was tolled. Krausman, J.P., Goldstein, McGinity and Adams, JJ., concur.