■ YASMINE B. GRIFFIN, Respondent, v FREDERICK K. BREWINGTON, Appellant. [751 NYS2d 294] —In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 13, 2002, as granted that branch of the plaintiff's motion which was to dismiss the second affirmative defense based on the statute of limitations and denied that branch of his cross motion which was for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this legal malpractice action against the defendant in February 1998, alleging that his negligent representation caused the dismissal of her personal injury action. The defendant contends that the action is time-barred because the alleged acts of malpractice occurred in 1992. However, the record established that the defendant continued to represent the plaintiff in the personal injury action until at least June 1995 in an attempt to rectify the alleged acts of malpractice.

The continuous representation doctrine tolls the statute of limitations "until the completion of the attorney's ongoing representation concerning the matter out of which the malpractice claim arises" (*Pellati v Lite & Lite,* 290 AD2d 544, 545; *see Shumsky v Eisenstein,* 96 NY2d 164; *Glamm v Allen,* 57 NY2d 87). Accordingly, assuming that the alleged acts of malpractice occurred no later than 1992, the plaintiff met her burden of establishing that the statute of limitations was tolled by the continuous representation doctrine until June 1995 (*see Pellati v Lite & Lite, supra; Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505). The malpractice action, which was commenced less than three years later, is not time-barred (*see* CPLR 214 [6]; *Brothers v Florence,* 95 NY2d 290). Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.