JOHN A. DEEP, Respondent-Appellant, v DAVID BOIES et al., Appellants-Respondents, et al., Defendant. [863 NYS2d 269]—

Kane, J. (1) Cross appeals from an order of the Supreme Court (McCarthy, J.), entered January 31, 2007 in Albany County, which partially granted the motion of defendants David Boies, Boies, Schiller & Flexner, LLP and Straus & Boies, LLP for summary judgment dismissing the complaint against them, and (2) appeal from an order of said court (Platkin, J.), entered August 31, 2007 in Albany County, which, among other things, granted renewal and then adhered to its prior decision.

Attorney defendants David Boies, Boies, Schiller & Flexner, LLP and Straus & Boies, LLP (hereinafter collectively referred to as defendants) represented plaintiff in several transactions and legal actions, including complex federal litigation regarding alleged copyright and trademark violations related to plaintiff's

Internet file sharing service and software, called Aimster.[1] In October 2005, approximately three years after defendants ceased representing plaintiff and his corporations, plaintiff commenced this legal malpractice action alleging that defendants' failure to reveal conflicts of interest resulted in unfavorable outcomes in the copyright and trademark actions and that defendants misappropriated plaintiff's file sharing software.[2]

Defendants moved for summary judgment dismissing the complaint. In a well-reasoned decision, Supreme Court (McCarthy, J.) partially granted the motion by dismissing the malpractice claims related to the copyright and trademark litigation, but denied the motion as to the misappropriation claim. Defendants sought to renew and reargue the motion, and moved for summary judgment on two new grounds. In another well-crafted decision, Supreme Court (Platkin, J.) denied the motions to reargue and for summary judgment, and granted the motion to renew, but adhered to the court's prior decision. Defendants appeal from both orders and plaintiff cross-appeals from the portions of the first order that partially dismissed his complaint.

Supreme Court properly dismissed plaintiff's malpractice claims related to the copyright and trademark litigation. The Federal District Court issued a preliminary injunction against plaintiff after finding that his file sharing service was primarily used to "facilitate copyright infringement" by permitting nearly unrestricted sharing of copyrighted music. Plaintiff alleged that an injunction could have been avoided or limited if defendants had argued that the file sharing service had noninfringing uses, and that defendants did not make this argument due to conflicts of interest. Contrary to plaintiff's contentions, the record shows that defendants did make the proffered argument to the federal court—although not in the clearest of terms—and, in any event, the argument would not have prevented the issuance of the preliminary injunction. The evidence showed that plaintiff's corporation had contracted with another company—also represented by defendants on other matters—to develop Aimster technology for noninfringing uses, but that company was not actually using the technology and did not follow through with the development of such uses. The federal court relied on the

1. Aimster is a peer-to-peer file sharing system, similar to Napster, permitting users to transfer encrypted files to other users and to obtain files from the hard drive of any user selected as a buddy on the system.

2. The Aimster software was transferred among several corporations. Plaintiff alleges that each of those corporations was at least partially owned by defendants, their partners, family members or friends.

specific design of Aimster which facilitated the infringing activities of its users (see In re Aimster Copyright Litig., 252 F Supp 2d 634, 638, 653-654 [ND Ill 2002], affd 334 F3d 643 [7th Cir 2003], cert denied 540 US 1107 [2004] [granting injunction against the plaintiff's use of Aimster, finding that it "is a service whose very raison d'etre appears to be the facilitation of and contribution to copyright infringement on a massive scale"]). Defendants thus presented prima facie proof that they did not commit legal malpractice in the copyright litigation, and plaintiff failed to rebut that showing.

In the trademark litigation, America Online alleged that plaintiff's use of the name Aimster violated its trademark of AIM, a shorthand name for AOL Instant Messenger. Plaintiff settled without paying America Online any money, but instead changed the name of his service to Madster. This settlement took place after his main argument was proven false; he had asserted that he named the service after his daughter Aimee, but her real name is Madeline. Although defendants' representation was allegedly fraught with undisclosed conflicts of interest, nothing in the record ties those alleged conflicts to the favorable settlement facilitated by defendants in the trademark litigation. Thus, plaintiff presented no proof of malpractice related to the copyright or trademark litigation.

Defendants did not establish their entitlement to summary judgment on the misappropriation claim based upon their statute of limitations defense. As alleged by plaintiff, the latest misappropriation here occurred on June 25, 2002. The commencement of this action on October 28, 2005 fell outside the applicable three-year statute of limitations (see CPLR 214 [6]). The action must be dismissed unless the time within which to commence it is tolled by the continuous representation doctrine (see Shumsky v Eisenstein, 96 NY2d 164, 166-168 [2001]; Sitkiewicz v Willis & NG, 288 AD2d 644, 645 [2001]). This doctrine applies where there is "continuing trust and confidence in the relationship between the parties" and the attorney's continuing representation pertains to the specific matter in which the attorney committed the alleged malpractice, "not merely the continuity of a general professional relationship" (Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 507 [1990]; see Shumsky v Eisenstein, 96 NY2d at 168; Town of Wallkill v Rosenstein, 40 AD2d 972, 973-974 [2007]).

On September 17, 2002, after the federal court in the copyright litigation decided to issue a preliminary injunction but before the order was entered, defendants filed a motion to withdraw from their representation of plaintiff and his corpora-

tions. The federal court denied that motion, finding that defendants must continue to represent their clients at least until the language of the preliminary injunction was finalized, at which time the federal court would entertain another motion to withdraw. As ordered, defendants represented plaintiff until the federal court signed the preliminary injunction, then filed a motion to withdraw which the court granted on November 4, 2002. "Although the parties had clearly lost trust and confidence in one another by the time of defendant[s'] [first] motion to withdraw, the court compelled them to continue their attorney-client relationship for purposes of 'winding up' the matter, and plaintiff could not be reasonably expected to sue defendant[s] for malpractice until such winding up had occurred" (*Deutsch v Polly N. Passonneau, P.C.*, 297 AD2d 571, 572 [2002]).

This case is distinguishable from *Aaron v Roemer, Wallens & Mineaux* (272 AD2d 752 [2000], *lv dismissed* 96 NY2d 730 [2001]). There, this Court held that the continuous representation doctrine did not extend to formal termination of representation by court order. But, in that case, counsel disclosed confidential information in its motion to withdraw, the client failed to respond by a court-imposed deadline to object to withdrawal and the client then wrote to the court consenting to withdrawal, noting the irretrievable breakdown of the relationship. The court granted the initial withdrawal motion based upon the client's late response and a finding of grounds warranting withdrawal (*see id.* at 753-754). The actual entry of the order there was more of a ministerial act. No trust and confidence remained between the parties, and counsel apparently did not provide any legal advice after filing the motion to withdraw. Here, the federal court denied the initial withdrawal motion and ordered defendants to continue their representation. Defendants apparently fulfilled that obligation by communicating with opposing counsel and advising plaintiff concerning the language of the preliminary injunction. Thus, the continuous representation doctrine tolled plaintiff's time to file this action to three years from November 4, 2002, if defendants' representation on that date was related to the specific subject matter underlying the alleged malpractice.

The scope of the legal representation here is unclear. Plaintiff alleges overarching representation to help develop and protect his interest in the Aimster program encompassing the multiple incorporations, stock transfers, bankruptcy filings and litigation, including the copyright litigation. Defendants acknowledge that they never executed a retainer agreement or letter of engagement delineating the services to be provided. The record

does not contain a single billing statement, nor an affidavit from Boies, the individual with whom plaintiff first discussed representation by defendants. The only document approximating a letter of engagement was a letter signed by Boies himself indicating that he was looking forward to working with plaintiff and indicating that Boies' son would be serving on the board of one of plaintiff's corporations to represent a 15% interest in that corporation, held by a separate corporation allegedly partially owned by defendants, their partners and members of their families. The record also reveals that defendants apparently reviewed legal work by various other firms on matters where defendants were not attorneys of record. On this record, we cannot say that all of the acts were not interrelated so that representation on the copyright litigation was not part of a continuing, interconnected representation. A question of fact exists on this issue, such that summary judgment is inappropriate (*see Town of Wallkill v Rosenstein*, 40 AD3d at 974). However, after appropriate discovery, the trial court may elect to order an immediate trial on this issue as it could expeditiously dispose of the entire action (*see* CPLR 3212 [c]).

Defendants argue that plaintiff does not have standing on the misappropriation claim because he is not the owner of the Aimster software and he may not prosecute that claim as a shareholder on behalf of a corporation that did own it. These arguments miss the point of plaintiff's claim, namely that defendants committed malpractice by failing to protect the intellectual property he developed and his ownership interest in that property. He alleges that defendants were retained by plaintiff individually to create corporate structures to enable him to retain his ownership and control over the Aimster software, and that the reason he does not own that software is because defendants misappropriated this property while leading him to believe that they were creating entities to protect it. Plaintiff also alleges that he transferred assets as recommended by defendants, or under duress from them or their agents, thus depriving him of his interest in the software. Although the record is unclear regarding who owns the software, such actual ownership is irrelevant to plaintiff's misappropriation claim.

Dismissal of plaintiff's complaint in federal court in Maine does not bar his current allegations under the doctrines of res judicata or collateral estoppel. Defendants' argument is somewhat disingenuous as they specifically requested that the court abstain from addressing plaintiff's state law causes of action and dismiss them on abstention grounds. The court did just that, dismissing the state law claims "without prejudice,"

providing plaintiff the opportunity to raise them in state court. Defendants contend that the court's dismissal of the federal cause of action bars the current complaint, as it contained similar allegations. But plaintiff's complaint in that federal action did not raise similar allegations against the current defendants, and the court found that any fraudulent transfer claim was waived by plaintiff because it was not pleaded. Clearly, that was not a determination on the merits. Accordingly, plaintiff's current misappropriation claim is not barred by the dismissal of that federal action.

The parties' remaining contentions have been reviewed and do not warrant further discussion.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.