■ INTERNATIONAL ELECTRON DEVICES (USA) LLC et al., Appellants, v MENTER, RUDIN & TRIVELPIECE, P.C., Respondent.
[898 NYS2d 388]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered July 1, 2009 in a legal malpractice action. The order and judgment granted defendant's motion for summary judgment and dismissed the amended complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.

Memorandum: Plaintiffs retained defendant to represent them in their purchase of certain business assets and commercial real property (hereafter, property). Plaintiffs purchased the property in "as is" condition, and the closing occurred on October 26, 2004. Approximately two years later, plaintiffs were cited by the Environmental Protection Agency (EPA) for contamination on the property requiring abatement at an estimated cost of $8 million. On October 21, 2008, plaintiffs commenced this legal malpractice action alleging that defendant was negligent in, inter alia, failing to conduct a Phase II environmental investigation prior to the closing.

We agree with plaintiffs that Supreme Court erred in granting defendant's motion for summary judgment dismissing the amended complaint on the ground that it was time-barred. As plaintiffs correctly concede, the three-year statute of limitations applicable to a legal malpractice cause of action accrued on October 26, 2004, the date of the closing and thus when the malpractice was committed, and it expired on October 26, 2007 (see CPLR 214 [6]; Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]; see also Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 7 [2007]). Defendant thus met its initial burden of establishing that this action, commenced in October 2008, was time-barred (see Gravel v Cicola, 297 AD2d 620, 620-621 [2002]). The burden then shifted to plaintiffs to raise a triable issue of fact whether the statute of limitations was tolled by the continuous representation doctrine (see id. at 621). "For the continuous representation doctrine to apply to an action sounding in legal

malpractice . . . , there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney[,] which often includes an attempt by the attorney to rectify an alleged act of malpractice" (*Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506-507 [1990]; *see Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754 [2000], *lv dismissed* 96 NY2d 730 [2001]). That doctrine "tolls the [s]tatute of [l]imitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky*, 96 NY2d at 168; *see Amendola v Kendzia*, 17 AD3d 1105, 1108-1109 [2005]). Thus "if there is merely a 'continuing general relationship with [an attorney] . . . involving only routine contact for miscellaneous legal representation . . . unrelated to the matter upon which the allegations of malpractice are predicated' . . . , the toll will not be found" (*Chicago Tit. Ins. Co. v Mazula*, 47 AD3d 999, 1000 [2008], quoting *Shumsky*, 96 NY2d at 168).

In opposition to the motion, plaintiffs established that defendant represented them in the late summer and fall of 2006 in connection with the EPA investigation. We agree with plaintiffs that there is a triable issue of fact whether that representation was related to defendant's alleged malpractice in failing to conduct a thorough environmental investigation of the property prior to the closing (*see generally Shumsky*, 96 NY2d at 168). Plaintiffs also raised a triable issue of fact whether that representation constituted an attempt to rectify the alleged malpractice (*see Gravel*, 297 AD2d at 621). Present—Smith, J.P., Centra, Fahey and Pine, JJ.