Amended order and judgment (one paper), Supreme Court, New York County (Melvin L. Schweitzer, J.), entered May 5, 2014, awarding plaintiff $17.2 million, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered May 24, 2013, September 3, 2013 and October 11, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff commenced this action for legal malpractice against defendant law firm based on the alleged negligent drafting of an agreement (side agreement) that was intended to memorialize an oral agreement between plaintiff and nonparty UBS Securities LLC (UBS) to cap at $2 million the amount of fees UBS was to receive for acting as plaintiffs exclusive financial advisor in its effort to acquire control of nonparty Six Flags, Inc., unless plaintiff acquired more than 51% of the voting shares of Six Flags. Prior to the instant lawsuit, UBS successfully sued plaintiff for $10 million in fees in connection with the Six Flags transaction. In the course of that lawsuit, we rejected plaintiff s argument that the side agreement, read in tandem with the main agreement (engagement agreement), capped UBS’s fee at $2 million (UBS Sec. LLC v Red Zone LLC, 77 AD3d 575 [1st Dept 2010], lv denied 17 NY3d 706 [2001] [UBS decision]).
In this action, defendant moved for leave to amend its answer to assert the defense of assumption of the risk. In support of its motion, defendant submitted an affidavit from a partner at the firm who averred that he had warned plaintiff that the side agreement was ambiguous. This statement directly contradicts his earlier deposition testimony in the UBS litigation that the side agreement unambiguously capped plaintiffs fees and was improperly raised for the first time in opposition to plaintiff s motion (see e.g. Ostrov v Rozbruch, 91 AD3d 147, 154 [1st Dept 2012]). Contrary to defendant’s contentions, this defense was not previously raised in its answer or motion papers, as those documents merely broadly deny that defendant acted negli *582 gently. The motion was properly denied since the proposed amendment is patently devoid of merit (see Bishop v. Maurer, 83 AD3d 483, 484-485 [1st Dept 2011]).
The motion court also properly denied defendant’s motion to renew the motion for leave to amend its answer. The motion was not based on new facts that were unavailable on the original motion (Chelsea Piers Mgt. v Forest Elec. Corp., 281 AD2d 252 [1st Dept 2001]). Nor is there any basis to find that the interest of justice and substantial fairness warrant granting renewal.
The motion court properly concluded that the continuous representation doctrine applies to toll the statute of limitations on plaintiffs legal malpractice claim. Although defendant drafted the side agreement in 2005, it provided legal advice throughout the UBS litigation from 2007 through late 2010. Although plaintiff was represented by other counsel in the UBS litigation, plaintiff and its trial counsel continued to confer with defendant and share privileged documents regarding its defense strategy. In doing so, defendant apparently sought to rectify its earlier alleged malpractice, namely to prevent UBS from demanding more than $2 million when the side agreement was intended to limit UBS’s fee. In such cases, the continuous representation doctrine applies (see Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506-507 [2d Dept 1990]; N&S Supply v Simmons, 305 AD2d 648, 649-650 [2d Dept 2003]). There is no basis to find that the earlier “gap” in representation from roughly 2005 to 2007 ended defendant’s prior representation. There was simply no need to consult defendant during that time, and defendant never communicated to plaintiff that its prior representation had ended (see Shumsky v Eisenstein, 96 NY2d 164, 170-171 [2001]).
Plaintiff’s motion for summary judgment on its legal malpractice claim was also properly granted. Notably, defendant does not dispute that the side agreement was intended to cap UBS’s fees at $2 million. Given our prior finding in the UBS litigation that the side agreement failed to do just that (UBS Sec. LLC, 77 AD3d 575), summary judgment is warranted. Accordingly, no expert opinion evidence was necessary before granting the motion (see Northrop v Thorsen, 46 AD3d 780, 782 [2d Dept 2007]). There are no triable issues as to whether defendant, as opposed to plaintiff or its trial counsel in the UBS litigation, caused plaintiffs injuries. But for defendant’s drafting of the side agreement, UBS would not have prevailed in its lawsuit seeking $10 million (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]).
*583 Regarding plaintiffs motion to dismiss defendant’s affirmative defenses, having concluded that the action was timely commenced, the motion court properly dismissed the laches defense (Cadlerock, L.L.C. v Renner, 72 AD3d 454, 454 [1st Dept 2010]). Plaintiff did not waive its claims by attempting to defend the terms of the side agreement in the UBS litigation. Thus, the waiver defense was also properly dismissed.
In addition, the motion court properly dismissed the defense of failure to mitigate damages. Contrary to defendant’s argument that plaintiff could have mitigated its damages by avoiding gaining control of Six Flags, the side agreement was intended to limit plaintiffs liability in the event that it acquired control. Defendant further argues that plaintiff could have invested more resources to adequately defending the UBS litigation, but it does not detail what strategies should have been pursued to persuade the trial court or this Court to look beyond the plain and unambiguous terms of the side agreement.
We have considered defendant’s remaining contentions and find them unavailing or not properly before this Court.
Concur—Tom, J.E, Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.