# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

873

CA 13-01700

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

TOWN OF AMHERST, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

PAUL D. WEISS, ESQ., BARTLO, HETTLER & WEISS,
POLOWITZ & SCHWACH, LLP AND WAYNE R. GRADL, ESQ.,
DEFENDANTS-RESPONDENTS.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (DAVID M. HEHR OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS PAUL D. WEISS, ESQ. AND BARTLO, HETTLER &
WEISS.

FELDMAN KIEFFER, LLP, BUFFALO (CHRISTOPHER E. WILKINS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS POLOWITZ & SCHWACH, LLP AND WAYNE R. GRADL,
ESQ.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A.
Bannister, J.), entered July 8, 2013.  The order granted the motions
of defendants for summary judgment and dismissed the amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motions are denied
and the amended complaint is reinstated.

Memorandum:  Plaintiff, Town of Amherst (Town), commenced this
legal malpractice action alleging that defendants Paul D. Weiss, Esq.,
and Wayne R. Gradl, Esq., attorneys in defendant law firms, were
negligent in failing to advise the Town of the appropriate method for
appointing a hearing officer for a Civil Service Law § 75 (hereafter,
Section 75) proceeding that the Town had commenced against one of its
employees.  Following the Section 75 hearing and a Town resolution
terminating the employee, the resolution had to be annulled because
the Hearing Officer had not been properly appointed by the Town Board
and, therefore, the first hearing was a nullity.  The Town seeks to
recover the fees, costs and expenses related to the first hearing.

Weiss, and his law firm, defendant Bartlo, Hettler & Weiss
(collectively, Weiss defendants), moved for summary judgment
dismissing the amended complaint against them contending, inter alia,
that the action was time-barred.  Gradl, and his law firm, defendant

Polowitz & Schwach, LLP (collectively, Gradl defendants), also moved for summary judgment dismissing the amended complaint against them, contending, inter alia, that the action was time-barred, and that the Town could not maintain an action against them because the Town lacked privity of contract with them.  We conclude that Supreme Court erred in granting defendants' respective motions, and we therefore reverse the order, deny the motions and reinstate the amended complaint.

It is well settled that a cause of action for legal malpractice accrues on the date when the malpractice was committed, regardless of the date on which the malpractice is actually discovered (*see Shumsky v Eisenstein*, 96 NY2d 164, 166; *Ackerman v Price Waterhouse*, 84 NY2d 535, 541; *Glamm v Allen*, 57 NY2d 87, 94).  The parties agree that the alleged malpractice was committed on June 26, 2001, the date the hearing began before the improperly appointed Hearing Officer.  The statute of limitations for legal malpractice is three years (*see* CPLR 214 [6]) and, therefore, the statute expired on June 26, 2004 unless it was tolled.  We conclude that defendants met their initial burden of establishing that the action was commenced after the statute of limitations had expired (*see International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C.*, 71 AD3d 1512, 1512).  "The burden then shifted to [the Town] to raise a triable issue of fact whether the statute of limitations was tolled by the continuous representation doctrine" (*id.; see Priola v Fallon*, 117 AD3d 1489, 1489-1490; *but see 730 J & J, LLC v Polizzotto & Polizzotto, Esqs.*, 69 AD3d 704, 705).

We conclude that the Town raised a triable issue of fact whether there were "clear indicia of an ongoing, continuous, developing, and depend[e]nt relationship between the [Town] and [defendants,] which . . . include[d] an attempt by [defendants] to rectify an alleged act of malpractice" (*Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506-507; *see International Electron Devices [USA], LLC*, 71 AD3d at 1512-1513).  Contrary to defendants' contentions, the Town raised triable issues of fact whether the continuing representation "pertain[ed] specifically to the matter in which [defendants] committed the alleged malpractice" (*Shumsky*, 96 NY2d at 168; *see International Electron Devices [USA], LLC*, 71 AD3d at 1512-1513), and whether there was "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306).

The Town first hired Weiss in early 2001 to investigate the possibility of Section 75 charges against one of the Town's employees.  Weiss hired Gradl to assist him.  From that point on, Weiss and Gradl performed legal work on behalf of the Town related to the Section 75 proceeding.  They drafted the Section 75 charges and amended charges, presented evidence at the improperly commenced Section 75 hearing, prepared the resolution of the Town Board terminating the employee, and responded to the employee's legal challenge to the termination.  When it appeared that a second hearing was required, the Town Board resolved to appoint Weiss "and associates . . . to prosecute" the Section 75 charges and amended charges against the employee, i.e., to correct the legal error resulting in the need to nullify the first hearing and the initial determination terminating the employee.

Defendants performed legal work on behalf of the Town by prosecuting the Section 75 charges and amended charges at a second hearing and by preparing the second resolution of the Town Board terminating the employee.  When the employee challenged that termination, the Town Board resolved to retain Weiss's firm to represent the Town at a potential hearing pursuant to General Municipal Law § 50-h and "to defend the Town Board's decision" in an anticipated CPLR article 78 proceeding to be brought by the terminated employee.

Although defendants contended that their representation was not continuous, as evidenced by the fact that there were three separate and distinct actions by the Town to retain them and numerous gaps in their representation of the Town, we conclude that the Town nevertheless raised triable issues of fact concerning continuous representation.  It is well established that "[a]n attorney-client relationship may exist in the absence of a formal retainer agreement" (*Swalg Dev. Corp. v Gaines*, 274 AD2d 385, 386; *see Terio v Spodek*, 63 AD3d 719, 721).  Instead, such a relationship is formed by "an explicit undertaking to perform a specific task" (*Terio*, 63 AD2d at 721).  Here, while there were three separate and distinct retainer agreements, we conclude that there are triable issues of fact whether defendants were retained for separate and distinct legal proceedings or, rather, "ongoing and developing phases of the [same] litigation" (*Muller v Sturman*, 79 AD2d 482, 485, citing *Siegel v Kranis*, 29 AD2d 477, 480-481).  We cannot say as a matter of law that all of defendants' acts "were not interrelated so that representation on [the second Section 75 hearing and the subsequent CPLR article 78 proceeding were] not part of a continuing, interconnected representation" to perform the specific task of terminating a Town employee (*Deep v Boies*, 53 AD3d 948, 952).  Inasmuch as "[a] question of fact exists on this issue, . . . summary judgment is inappropriate" (*id.*).

We further conclude that there are triable issues of fact whether the gaps in the legal services that defendants performed for the Town were "merely . . . period[s] absent expectations, rather than . . . period[s] when representation formally ended" (*Red Zone LLC v Cadwalader, Wickersham & Taft LLP*, 2013 NY Slip Op 23468, *affd* 118 AD3d 581, 582).  Here, as in *Red Zone*, the Town "immediately return[ed] to [defendants] . . . once an issue arising from [the alleged] malpractice [was] detected" (*id.; see N&S Supply v Simmons*, 305 AD2d 648, 649-650)

Although defendants correctly contend that the continuous representation doctrine requires that there be " 'continuing trust and confidence in the relationship between the parties' " (*Kanter v Pieri*, 11 AD3d 912, 913), there are triable issues of fact whether the Town ever lost such trust and confidence in defendants.  There is no dispute that the Town received an unsolicited letter from an attorney suggesting that defendants had committed legal error and offering to represent the Town in recovering the money spent as a result of that error.  There is likewise no dispute that the Town Board discussed that letter.  The Town, however, neither consulted with that attorney nor instituted any legal malpractice action during the pendency of

defendants' representation (*cf. Lazzaro v Kelly*, 87 AD2d 975, 976, *affd* 57 NY2d 630; *Schloss v Albany Med. Ctr.*, 278 AD2d 614, 615). While the Town solicited a proposal from a second law firm for representation in a subsequent phase of the Section 75 proceeding, consultation with a second attorney for representation on the same legal matter does not terminate the first attorney-client relationship (*see Red Zone LLC*, 2013 NY Slip Op 23468).  The Town, after discussing other legal options, opted against retaining other counsel, thereby "evidenc[ing] a desire to continue the relationship [with defendants] and to continue with [its] case" (*Bucaro v Keegan, Keegan, Hecker & Tully*, 126 Misc 2d 590, 593).

Additionally, we agree with the Town that there are triable issues of fact whether there was "actual privity of contract between the [Town and Gradl] or a relationship so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382, *rearg denied* 81 NY2d 955).  "Viewed as a whole, we conclude that the evidence submitted in opposition to the [Gradl defendants'] motion raises a triable issue of fact whether there was an attorney-client relationship between [the Town] and [Gradl]" (*Bloom v Hensel*, 59 AD3d 1026, 1027; *see Shanley v Welch*, 31 AD3d 1127, 1128; *see generally Prudential Ins. Co. of Am.*, 80 NY2d at 382).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court