Leeder v Antonucci (2019 NY Slip Op 05898)





Leeder v Antonucci


2019 NY Slip Op 05898


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


509 CA 18-01363

[*1]PAUL MICHAEL LEEDER, PLAINTIFF-APPELLANT,
v
DAVID P. ANTONUCCI, DEFENDANT-RESPONDENT. 






NEIL M. GINGOLD, FAYETTEVILLE, FOR PLAINTIFF-APPELLANT.
ANTONUCCI LAW FIRM LLP, WATERTOWN (DAVID P. ANTONUCCI OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Jefferson County (James P. Murphy, J.), entered February 26, 2018. The order and judgment granted the cross motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the second cause of action, and as modified the order and judgment is affirmed without costs, and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages arising from two instances in which defendant allegedly committed legal malpractice in his representation of plaintiff. In his first cause of action, plaintiff alleged that defendant committed malpractice during proceedings arising from plaintiff's operation of a biofuel business (biofuel cause of action), and in his second cause of action, plaintiff alleged that defendant committed malpractice during a separate estate accounting proceeding (estate cause of action). Plaintiff now appeals from an order and judgment that granted defendant's cross motion for summary judgment and dismissed the complaint.
We reject plaintiff's contention that Supreme Court erred in granting the cross motion with respect to the biofuel cause of action. It is well settled that "a necessary element of a cause of action for legal malpractice is that the attorney's negligence caused a loss that resulted in actual and ascertainable damages' " (New Kayak Pool Corp. v Kavinoky Cook LLP, 125 AD3d 1346, 1348 [4th Dept 2015]), and that " [c]onclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action' " (id.). With respect to the biofuel cause of action, defendant met his initial burden on the cross motion by establishing that plaintiff's allegations of damages are entirely speculative (see Lincoln Trust v Spaziano, 118 AD3d 1399, 1401 [4th Dept 2014]; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [2d Dept 2012], lv denied 20 NY3d 857 [2013]), and thus plaintiff is "unable to prove at least one of the essential elements of [his] legal malpractice cause of action" (Boglia v Greenberg, 63 AD3d 973, 974 [2d Dept 2009]; see Grace v Law, 108 AD3d 1173, 1174-1175 [4th Dept 2013], affd 24 NY3d 203 [2014]). Plaintiff failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We are unable to review plaintiff's contention that he raised a triable issue of fact with respect to those damages by submitting an expert report inasmuch as plaintiff failed to include that document in the record on appeal. Thus plaintiff, as the party raising this issue on his appeal, "submitted this appeal on an incomplete record and must suffer the consequences" (Matter of Santoshia L., 202 AD2d 1027, 1028 [4th Dept 1994]; see Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]).
We agree with plaintiff, however, that the court erred in granting the cross motion with respect to the estate cause of action, and we therefore modify the order and judgment [*2]accordingly. In that cause of action, plaintiff alleged that defendant committed malpractice by failing to timely file objections to the proposed accounting. It is well settled that "[a] cause of action for legal malpractice accrues when the malpractice is committed" (Elstein v Phillips Lytle, LLP, 108 AD3d 1073, 1073 [4th Dept 2013] [internal quotation marks omitted]), and that, "[w]hat is important [in determining the accrual date] is when the malpractice was committed, not when the client discovered it" (Glamm v Allen, 57 NY2d 87, 95 [1982]; see Town of Amherst v Weiss, 120 AD3d 1550, 1551 [4th Dept 2014]). Defendant met his burden on that part of the cross motion by establishing that the statute of limitations for legal malpractice is three years (see CPLR 214 [6]), that the estate cause of action accrued on November 1, 2010, the last date on which to file objections to the accounting (see generally International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C., 71 AD3d 1512, 1512 [4th Dept 2010]), and that the estate cause of action was therefore untimely when this malpractice action was commenced on November 15, 2013. "The burden then shifted to plaintiff[] to raise a triable issue of fact whether the statute of limitations was tolled by the continuous representation doctrine" (id. at 1512; see Mahran v Berger, 137 AD3d 1643, 1644 [4th Dept 2016]; Weiss, 120 AD3d at 1551).
We agree with plaintiff that the court erred in determining that plaintiff failed to do so. It is well settled that, in order for the continuous representation doctrine to apply, "there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (Luk Lamellen U. Kupplungbau GmbH v Lerner, 166 AD2d 505, 506-507 [2d Dept 1990]; see Dischiavi v Calli, 125 AD3d 1435, 1437 [4th Dept 2015]; Weiss, 120 AD3d at 1551-1552). Here, plaintiff submitted evidence that defendant made several unsuccessful attempts to file the objections within the weeks after the deadline and that he made preparations to appear at a scheduled conference on the objections on November 23, 2010. Those efforts could be viewed as "attempt[s] by the attorney to rectify an alleged act of malpractice" (Luk Lamellen U. Kupplungbau GmbH, 166 AD2d at 506-507), and thus plaintiff raised a triable issue of fact whether the statute of limitations was tolled by the continuous representation doctrine.
In light of our determination, we note that the court did not rule on that part of the cross motion in which defendant sought summary judgment dismissing the estate cause of action on the ground that plaintiff failed to sufficiently allege damages on that cause of action. We therefore remit the matter to Supreme Court for a determination of the merits of that part of the cross motion (see Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1495 [4th Dept 2019]). Finally, we reject plaintiff's contention that the matter should be remitted to a different Supreme Court Justice.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court